Dear Ms. Jones:
You have requested an opinion of the Attorney General, with respect to Forest Lawn, Inc., as follows:
 "In regard to Constitution of the State of Louisiana Article VII, Section 21, paragraph (B), is the land for a privately owned cemetery where lots are sold to the public assessable for property taxes? This corporation pays federal and state income tax."
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and State law to the Assessor, subject to the review of the Louisiana Tax Commission and, ultimately, the courts. Attorney General's Opinions Nos. 01-144, 00-54, 96-438and 94-603. While the Attorney General does not have the authority to determine whether particular taxpayers and property is subject to tax exemption, we would like to assist you as to the applicable law which may be used in making your determinations.
The jurisprudence of this State has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. ZapataHaney Corp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991) writ denied. Further, in Mattingly v. Vial, 193 La. 1,190 So. 313 (1931), our Supreme Court held:
 There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and other States that the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal.
La. Const. Article VII, Section 21 pertinently provides:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, designated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association."
In interpreting the above constitutional provision, we have consistently opined that in order to qualify for an exemption under Section 21(B)(1)(a), property must meet all four of the basic requirements set forth therein, to wit:
 1. The organization must be a nonprofit corporation or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax;
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
In accord: Attorney General"s Opinions Nos. 01-371, 97-211, 95-60and 93-488.
Previous opinions of this office state that an Assessor must inquire into the facts to determine whether the taxpayer in question complies with the criteria necessary to qualify for the exemption. Attorney General's Opinions Nos. 91-298, 87-675. If the Assessor determines that the operations of a "nonprofit corporation or association", with respect to the property in question, satisfy the four requirements set forth above, an exemption from ad valorem taxes would be appropriate. Conversely, should the facts, as determined by the assessing authority, reflect noncompliance, the property may be partially or totally nonexempt.
This office has previously determined that the mere fact property is operated as a cemetery does not make the property exempt from ad valorem taxation; the entity owning the cemetery must be a non-profit corporation or association and meet the four basic requirements listed above. Attorney General's Opinion No. 85-796. Accordingly, if proper inquiry has lead you to the conclusion that the taxpayer in question is not a non-profit corporation, or is not exempt from federal or state income tax, it would be appropriate for you to conclude that the taxpayer's cemetery property is not exempt from ad valorem taxation.
Trusting this adequately responds to your inquiries, I am
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam